IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL MILLAN, | No. C 15-04339 EJD (PR) |
| Petitioner, | ORDER OF DISMISSAL; DENYING CERTIFICATE OF APPEALABILITY |
| v. | |
| RON DAVIS, Warden, | |
| Respondent. | |

Petitioner, a California prisoner incarcerated at San Quentin State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the denial of parole in 2012 by the Board of Parole Hearings ("Board").[1]  Petitioner has paid the filing fee.

**DISCUSSION**

**A.    Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28

---

[1] This matter was reassigned to this Court on November 2, 2015, after Petitioner did not file a consent to magistrate jurisdiction.  (See Docket No. 6.)

U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.    Petitioner's Claims**

Petitioner seeks federal habeas relief based on the claim that the denial of parole was not based on some evidence because there was no explanation as to how Petitioner posed a current risk of danger to public safety. (Pet. Attach. at 1.)

For the purposes of habeas federal habeas review, a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. Swarthout v. Cooke, No. 10-333, slip op. 4-5 (U.S. Jan. 24, 2011). The procedural protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth Amendment are limited to an opportunity to be heard and a statement of the reasons why parole was denied. Id. Petitioner makes no allegation in the petition to indicate that he did not receive at least this amount of process. The Constitution does not require more. Id. at 5.

Whether the Board's decision was supported by some reliable evidence of current dangerousness is irrelevant in federal habeas. The Supreme Court has made clear that "it is no federal concern... whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." Id. at 6. In light of the Supreme Court's determination that due process does not require that there be any amount of evidence to support the parole denial, Petitioner's claim fails to state a cognizable claim for relief.

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED for failure to state a cognizable claim for relief.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of

appealability ("COA") under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "reasonable jurists" would find the district court's assessment of the constitution claims debatable or wrong.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

DATED:      1/13/2016

EDWARD J. DAVILA
United States District Judge